EDWARDS WILDMAN PALMER LLP
Rory J. McEvoy
Julie L. Sauer
Attorneys for Defendant
750 Lexington Avenue
New York, New York 10022
212.308.4411
rmcevoy@edwardswildman.com
jsauer@edwardswildman.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

PAMELA WILLIAMS,

          Plaintiff,                    11 Civ. 5425 (HB) (AJP)

      -against-                     **ANSWER**

THE MOUNT SINAI MEDICAL CENTER,

          Defendant.
_____

      Defendant The Mount Sinai Hospital ("Mount Sinai" or the "Hospital"), incorrectly named in the Complaint as The Mount Sinai Medical Center, by its attorneys, Edwards Wildman Palmer LLP, answers the Complaint as follows:

      1.     Denies each and every allegation contained in Paragraph 1 of the Complaint, except admits that Plaintiff purports to assert claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL").

      2.     Denies each and every allegation contained in Paragraph 2 of the Complaint, except admits that Plaintiff purports to invoke the jurisdiction of this Court pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 2000e, et seq.

      3.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint, except admits that Plaintiff was issued a

Notice of Right to Sue Letter by the EEOC, dated May 11, 2011 and that Plaintiff's Complaint is dated August 4, 2011.

    4.    Denies each and every allegation contained in Paragraph 4 of the Complaint, except admits that Plaintiff purports to invoke the jurisdiction of this Court pursuant to 28 U.S.C. § 1367.

    5.    Denies each and every allegation contained in Paragraph 5 of the Complaint, except admits that venue is proper in the United States District Court for the Southern District of New York.

    6.    Denies each and every allegation contained in paragraph 6 of the Complaint, except admits that (i) Plaintiff is a female; (ii) Plaintiff's last known address is 111 East 100th Street, New York, NY 10029; (iii) Plaintiff was hired by Mount Sinai as a phlebotomist on August 29, 1995; (iv) on or around May 13, 1996, Plaintiff's job title was changed to Patient Care Associate ("PCA"); and (v) Plaintiff was employed by Mount Sinai from August 29, 1995 to June 6, 2011 and denies knowledge or information sufficient to form a belief as to Plaintiff's race, place and date of birth.

    7.    Denies each and every allegation contained in paragraph 7 of the Complaint, except admits that Mount Sinai's mailing address is One Gustave L. Levy Place, New York, New York 10029 and refers to Title VII and any "other applicable anti-discrimination laws" for the contents thereof.

    8.    Denies each and every allegation contained in paragraph 8 of the Complaint, except admits that (i) Plaintiff was hired by Mount Sinai as a phlebotomist with a start date of August 29, 1995; (ii) that on or around May 13, 1996, Plaintiff's job title was changed to PCA; and (iii) that Plaintiff held this position until her termination on June 6, 2011 and denies knowledge or information sufficient to form a belief as to Plaintiff's race or nationality.

9. Denies each and every allegation contained in paragraph 9 of the Complaint, except admits that Plaintiff was employed by Mount Sinai as a PCA from on or around May 13, 1996 to June 6, 2011 and refers to Mount Sinai's PCA job description for its contents.

10. Denies each and every allegation contained in paragraph 10 of the Complaint and refers to Mount Sinai's PCA job description for its contents.

11. Denies each and every allegation contained in paragraph 11 of the Complaint.

12. Denies each and every allegation contained in paragraph 12 of the Complaint.

13. Denies each and every allegation contained in paragraph 13 of the Complaint.

14. Denies each and every allegation contained in paragraph 14 of the Complaint, except admits that (i) Jennifer Jaromahum ("Jaromahum") was hired by Mount Sinai as a Clinical Nurse Manager of the GP3, Orthopeadic Unit; (ii) Jaromahum's date of hire was October 19, 2009; and (iii) Jaromahum was Plaintiff's supervisor.

15. Admits the allegation contained in paragraph 15 of the Complaint.

16. Denies each and every allegation contained in paragraph 16 of the Complaint.

17. Denies each and every allegation contained in paragraph 17 of the Complaint.

18. Denies each and every allegation contained in paragraph 18 of the Complaint.

19. Denies each and every allegation contained in paragraph 19 of the Complaint.

20. Denies each and every allegation contained in paragraph 20 of the Complaint, except admits that Plaintiff received a written performance evaluation for 2009 and refers to that evaluation for its contents.

21. Denies each and every allegation contained in paragraph 21 of the Complaint.

22. Denies each and every allegation contained in paragraph 22 of the Complaint.

23. Denies each and every allegation contained in paragraph 23 of the Complaint.

24. Denies each and every allegation contained in paragraph 24 of the Complaint.

25. Denies each and every allegation contained in paragraph 25 of the Complaint, except admits that Plaintiff was given a final warning on September 2, 2010 for improper conduct Plaintiff engaged in on August 13, 2010 and denies knowledge or information sufficient to form a belief as to when Plaintiff first became aware of the patient complaint.

26. Denies each and every allegation contained in paragraph 26 of the Complaint, except admits that Plaintiff was issued a final warning on September 2, 2010.

27. Denies each and every allegation contained in paragraph 27 of the Complaint, except admits that Plaintiff was issued a final warning on September 2, 2010.

28. Denies each and every allegation contained in paragraph 28 of the Complaint, except admits that Plaintiff was issued a final warning and five-day suspension on February 3, 2011.

29. Denies each and every allegation contained in paragraph 29 of the Complaint, except admits that Plaintiff was discharged on March 23, 2011.

30. Denies each and every allegation contained in paragraph 30 of the Complaint.

31. Denies each and every allegation contained in paragraph 31 of the Complaint.

32. Denies each and every allegation contained in paragraph 32 of the Complaint.

33. Denies each and every allegation contained in paragraph 33 of the Complaint.

34. Denies each and every allegation contained in paragraph 34 of the Complaint.

35. With regard to Paragraphs 1 through 34 of the Complaint, repeats and realleges its responses, as if each were fully set forth herein.

36. Denies each and every allegation contained in paragraph 36 of the Complaint.

37. Denies each and every allegation contained in paragraph 37 of the Complaint.

38. With regard to Paragraphs 1 through 37 of the Complaint, repeats and realleges its responses, as if each were fully set forth herein.

39. Denies each and every allegation contained in paragraph 39 of the Complaint.

40. Denies each and every allegation contained in paragraph 40 of the Complaint.

41. With regard to Paragraphs 1 through 40 of the Complaint, repeats and realleges its responses, as if each were fully set forth herein.

42. Denies each and every allegation contained in paragraph 42 of the Complaint.

43. Denies each and every allegation contained in paragraph 43 of the Complaint.

44. Denies that Plaintiff is entitled to any of the relief requested in the WHEREFORE clause contained in the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

45. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

46. Plaintiff's claims are barred, in whole or in part, because Plaintiff cannot prove that Mount Sinai knew or should have known of any alleged discriminatory treatment of the Plaintiff or that Mount Sinai acquiesced in any alleged such treatment.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

47. Plaintiff's claims are barred, in whole or in part, because Mount Sinai exercised reasonable care to prevent and to correct promptly any discriminatory behavior by having anti-discrimination policies with a complaint procedure.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

48. Plaintiff's claims are barred, in whole or in part, because Mount Sinai has policies prohibiting discrimination, and procedures for investigating and preventing discrimination, and Plaintiff unreasonably failed to take action, pursuant to those policies and procedures or otherwise, to be free from discrimination.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

49.     Plaintiff's claims are barred, in whole or in part, because policies and procedures for the prevention, detection, and investigation of discrimination were established, and complied with, by Mount Sinai and there is no record of prior incidents of discriminatory conduct by any employee, agent, or independent contractor of Mount Sinai who is alleged by Plaintiff to have discriminated against her.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

50.     Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

51.     Plaintiff's claims are barred, in whole or in part, because they exceed the scope of the charge that Plaintiff filed with the Equal Employment Opportunity Commission.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

52.     Plaintiff's claims are barred, in whole or in part, because she failed to mitigate her alleged damages.

WHEREFORE, Mount Sinai demands judgment dismissing the Complaint with prejudice, together with the cost and disbursements of this action, reasonable attorneys' fees, and such further relief as the Court deems just and proper.

Date: New York, New York
October 6, 2011

EDWARDS WILDMAN PALMER LLP

By: _____
Rory J. McEvoy
Julie L. Sauer
Attorneys for Defendant
750 Lexington Avenue
New York, New York 10022
212.308.4411
rmcevoy@edwardswildman.com
jsauer@edwardswildman.com

To: Scott J. Steiner, Esq.
Steiner & Kostyn LLP
Attorneys for Plaintiff
2 William Street, Suite 302
White Plains, NY 10005
914.328.4734

EDWARDS WILDMAN PALMER LLP
Rory J. McEvoy
Julie L. Sauer
Attorneys for Defendant
750 Lexington Avenue
New York, New York 10022
212.308.4411
rmcevoy@edwardswildman.com
jsauer@edwardswildman.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

PAMELA WILLIAMS,

            Plaintiff,                    11 Civ. 5425 (HB) (AJP)

    -against-                     **AFFIDAVIT OF SERVICE**

THE MOUNT SINAI MEDICAL CENTER,

            Defendant.
_____

Jean W. McLoughlin, being duly sworn, deposes and says that she is over the age of eighteen; is not a party to this action; and that on the 6th day of October 2011, she caused a true and correct copy of the foregoing ANSWER and RULE 7.1 DISCLOSURE to be served upon:

Scott J. Steiner, Esq.
Steiner & Kostyn LLP
Attorneys for Plaintiff
2 William Street, Suite 302
White Plains, NY 10005
914.328.4734

by depositing a true copy of said document enclosed in a prepaid, sealed wrapper, properly addressed to the above-named party, in an official depository under the exclusive care and custody of the United States Postal Service, first class mail, within the State of New York.

                                                                  Jean W. McLoughlin

Sworn to before me this
6th day of October 2011

_____
Notary Public

JOHN FRANCAVILLO
Notary Public, State of New York
No. 24-4836118
Qualified in Kings County
Certificate Filed in Kings County
Commission Expires Oct. 31, 20_13_